IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

QUENTRELL WILLIAMS,

Plaintiff,

v.

DANE ESSER,

Defendant.

OPINION AND ORDER

18-cv-1008-wmc

*Pro se* plaintiff Quentrell Williams is proceeding to trial on July 11, 2022, against defendant Dane Esser. Williams claims that Esser used excessive force against him on June 25, 2013, by unnecessarily deploying a taser in violation of his Eighth Amendment rights. In advance of the final pretrial conference scheduled for this Friday, July 1, 2022, the court issues the following opinion and order on the parties' many motions *in limine* and related matters, as well as circulates proposed orientation remarks, voir dire, jury instructions and a special verdict.

## OPINION

### I. Plaintiff Williams' Motion in Limine (dkt. #139)

*First,* Williams seeks to exclude evidence that he spit on defendant Esser after being tasered. Defendant generally does not oppose the motion, but suggests that if Williams attempts to argue or submit evidence that Esser was predisposed to using force against Williams, had a grudge against Williams or was not showing proper restraint, then this would somehow "open a door" for Esser to submit proof that Williams' spit on him to rebut that evidence or to impeach Williams. The court is having difficulty seeing how

Williams' actions *after* Esser tased him might be relevant to his general attitude towards Williams before tasing him. Although the court is inclined to grant plaintiff's motion for that reason, it will RESERVE ruling on this motion pending a more general discussion of the possible relevance of other interactions between Esser and Williams before and after Esser's use of the taser on June 25, 2013.

*Second*, Williams seeks exclusion of all past instances of self-harm. With one exception, defendants do not intend to introduce such evidence. That exception is Williams' March 3, 2013, attempt at self-harm by breaking a nasal spray bottle and attempting to swallow the pieces. Defendant's position is that this evidence is relevant to Esser's knowledge on June 25, 2013, that Williams had previously self-harmed by ingesting glass objects, which motivated his directive that Williams open his mouth. The court agrees that Esser's knowledge of that incident of self-harm is relevant, so the court will allow Esser to testify that he knew about that incident of self-harm on or before June 25, 2013. Therefore, this motion is GRANTED in part and DENIED in part.

*Third,* Williams seeks to exclude evidence or arguments regarding his disciplinary history. This motion is GRANTED as unopposed.

*Fourth and Fifth*, Williams seeks permission to ask Esser if on June 25, 2013: (1) anything was found in his mouth after staff searched him; and (2) Williams had any injuries on his arms or body suggesting he had been engaging in other acts of self-harm. Williams also seeks to introduce other evidence that he did not have any scratches or injuries from self-harming on his arms or body. These motions are also GRANTED as unopposed.

*Sixth*, Williams seeks to exclude evidence of his criminal convictions, arguing that such evidence is irrelevant and prejudicial. In opposition, defendant refers the court to his fifth motion in limine, seeking permission to cross-examine Williams with two questions regarding two past convictions under Federal Rule of Evidence 609(a)(1)(A). Specifically, Williams was convicted of one count of Robbery with Use of Force, a class E Felony level offense, in violation of Wis. Stat. § 943.32(1)(a), and Throw/Discharge Bodily Fluid at a Public Safety Worker, a class I Felony level offense, in violation of Wis. Stat. § 941.375(a). These offenses are punishable by imprisonment for more than one year, and it has not been 10 years since Williams was released from confinement for these convictions. Therefore, Esser wants to ask the following questions: (1) "You have been convicted of one count of Robbery with Use of Force"; and (2) "You have been convicted of one count of Throwing or Discharging Bodily Fluid at a Public Safety Worker." Since it is well-settled in this circuit that the fact of conviction is admissible for purposes of impeachment as to character for truthfulness only under Fed. R. Evid. 609(a), the court will permit defendant to cross-examine plaintiff with regard to these felony convictions. However, since only being admitted under Rule 609(a)(1), there is also a requirement to limit its prejudice under Rule 403. Accordingly, defendant's counsel may ask Williams the following question: "You have been convicted of two crimes punishable by more than one year, correct?" If Mr. Williams' answer to that question is a simple "Yes", no further inquiry will be allowed. If, on the other hand, he refuses to answer "Yes," then counsel may impeach with evidence of the individual convictions. Accordingly, this motion is GRANTED in part and DENIED in part.

*Seventh*, Williams seeks permission to present arguments and/or testimony regarding the loss of Esser's body camera footage. Specifically, Williams represents that certain handheld camera footage captured the moment Esser used the taser on him, as well as Williams' statement "I am opening my mouth." In opposition, defendant represents that such argument/evidence is unnecessary because Esser just recently discovered that he possessed a disc containing the footage Williams seeks, which has been turned over to Williams. (Defendant also seeks to amend his exhibit list to include this footage, which will be discussed below.) The court agrees that this recent discovery likely moots Williams' request to admit evidence about the complete loss of this footage, assuming Williams has been provided the video footage with sufficient time for review before trial, although the obligation to arrange this falls squarely on defendant at this point. In addition, Williams' will be free to explore the sudden "discovery" of this tape in cross-examination of the defendant. Regardless, until hearing from Williams further at the FPTC, the court will RESERVE on this motion.

*Eighth*, Williams asks to wear civilian clothing during trial. As explained in the Trial Preparation Order, Williams may wear civilian clothing that he or a family member or friend sends to the court. The court has received clothing for Williams to wear during trial, but to the extent Williams needs further ruling from the court, his motion is GRANTED with one additional detail: Williams may wear civilian clothing during trial, but the court will comply with the restraint protocol required by Williams' custodian, provided that any restraints or stun belt be out of the jury's view.

*Ninth*, Williams asks that the court issue a writ of habeas corpus ad testificandum for his appearance at trial. Since the writ for his appearance has already been issued, this motion is DENIED as moot.

**II. Defendant Esser's Motion in Limine (dkt. #143)**

*First,* Esser seeks an order excluding evidence of the other incidents in this lawsuit that were dismissed at summary judgment or settled. In particular, the court granted summary judgment with respect to the following claims: Eighth Amendment claims against defendant Esser for using OC spray on Williams on March 3, May 25 and June 29, 2013, as well as Eighth Amendment claims against defendants Tim Haines, Sarah Blume, Beth Edge and Angela McClain for failing to intervene in Esser's uses of force. Additionally, the parties settled Williams' claim against defendant Chad Lentz related to this defendant's alleged failure to prevent Williams from committing self-harm on March 3, 2013. While the court GRANTS this motion as unopposed, to the extent that Esser should introduce evidence of one of Williams' past instances of self-harm, the court will RESERVE as to the arguable relevance of Williams introducing counterevidence as to Esser's motivation to harm Williams, pending discussion with the parties during the FPTC. In general, the parties are also DIRECTED to request a side bar before attempting to introduce *any* testimony or evidence arguably touching on any of the events giving rise to claims previously dismissed from this lawsuit

*Second*, Esser seeks an order excluding reference to Esser's personnel history, involvement in other legal proceedings, or being the subject of any inmate grievances,

except those made by Williams related to this case to the extent relevant. Since Williams does not oppose this motion, it is GRANTED.

*Third*, Esser asks the court to exclude details of any other lawsuits against the Wisconsin Department of Corrections or its current or former employees. Again, Williams does not object, so this motion is GRANTED as well.

*Fourth*, Esser seeks exclusion of any argument, questions, testimony or evidence regarding the causation of physical injury, permanence, future care and treatment, or future pain and suffering, other than that presented by Williams himself. Williams does not object to this motion either and it, too, is GRANTED.

*Fifth*, defendant seeks permission to question Williams about two criminal convictions. For the reasons explained above with respect to Williams' sixth MIL, this motion is GRANTED in part and DENIED in part.

## II. Voir Dire, Jury Instructions and Special Verdict

Attached to this order are the court's proposed voir dire, jury instructions and special verdict form. The court's proposed instructions follow the Seventh Circuit's pattern instructions, with very little modification, and has incorporated the parties' proposals as appropriate. The court anticipates that the trial will not be bifurcated. The court will discuss these materials with the parties during the final pretrial conference.

## III. Exhibits

As noted above, defendant recently filed a motion to amend his exhibit list to add one exhibit (Ex. 505), which is purportedly video footage from a handheld video camera that was only discovered on June 15, 2022. (Dkt. #158.) Defendant concedes that previously in this case there had been other, unsuccessful efforts to locate this video footage. Those efforts appear to have been limited to determining whether discs had been stored in the security director's office or in the evidence room. However, during a trial preparation session on June 15, Esser located a backup copy that he had made and stored separately but forgot about until that day. The disc contains audio and video footage of the entire incident and defendant represents that Williams received a copy of that disc for his review.

Williams has now opposed this motion, indicating he has not been able to view it and would be prejudiced by its use at trial. The court will RESERVE ruling on this motion until able to hear from both parties at the FPTC.

The remaining exhibits are not problematic. Plaintiff disclosed three exhibits: Ex. 1, DAI Policy #306.07.01 – Use of Force; Ex. 2, Esser's June 25, 2013, Incident Report; and Ex. 3, defendant Esser's response to plaintiff's fourth set of interrogatories. Defendant disclosed four exhibits, the first two of which overlap with plaintiff's Exhibits 1 and 2: Ex. 501, DAI Policy #306.07.01; Ex. 502, Esser's June 25, 2013, Incident Report; Ex. 503, Use of Force Review; and Ex. 504 Esser's March 3, 2013, Incident Report.

The parties should meet and confer on which version of the policy and incident report will be used during trial to avoid duplicates, as well as address any redactions

(elimination or blacking out of irrelevant material) that may be necessary. To the extent the parties have any remaining objections to introduction of the proposed exhibits, they should raise them in writing before the FPTC.

## IV. Witnesses

There appear to be very few witnesses. None are in dispute, and it appears that all witnesses will appear in person. The only open issue appears to be whether defendant will need to call a health services unit staff member to authenticate medical records. By the FPTC, defense counsel should attempt to reach agreement on the records authentication or disclose the name of that witness, so that the court can include that individual in the voir dire. At the FPTC, the court would also entertain a motion to allow this witness to appear by videoconference.

ORDER

IT IS ORDERED that:

1) Plaintiff Quentrell Williams' motion in limine (dkt. #139) is GRANTED IN PART, DENIED IN PART and RESERVED IN PART, as set forth above.

2) Defendant Dane Esser's motion in limine (dkt. #143) is GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as set forth above.

3) Defendant's motion to amend exhibit list (dkt. #158) is RESERVED.

Entered this 29th day of June, 2022.

BY THE COURT:
/s/

WILLIAM M. CONLEY
District Judge